

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CLARENCE GROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 03 C 9465 |
| v. ) | |
| ) | Judge John W. Darrah |
| TOWN OF CICERO; BETTY LOREN-MALTESE, ) | |
| former President of the Town of Cicero, in her ) | |
| official and individual capacities; and ) | |
| RAMIRO GONZALEZ, President of the Town of ) | |
| Cicero, in his official and individual capacities, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Clarence Gross, filed suit against Defendants, the Town of Cicero, Betty Loren-Maltese, and Ramiro Gonzalez, under the First and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983 and the Civil Rights Act of 1991. Defendants filed a Motion to Dismiss Plaintiff's Complaint, which was denied, except as to the official capacity claims against Loren-Maltese which were dismissed. Defendant, the Town of Cicero, filed a counterclaim against Gross, alleging unjust enrichment and breach of fiduciary duty. Presently pending before the Court is Gross's Motion to Dismiss Defendant's Counterclaim.

A reading of Gross's Complaint and the Town of Cicero's Counterclaim supports the following summary of the alleged conduct of the parties.

Gross was employed in various positions by Cicero for thirty years. He retired in April of 1997 as the Chief of Police for the Cicero Police Department. After retiring, Gross was appointed by Loren-Maltese to the position of Deputy Liquor Commissioner, Director of Internal Services, and Chairman of the Board of Fire and Police Commissioners. As Chairman of the Board of Fire and

Police Commissioners, Gross was responsible for the hiring of police officers. Gross was also a 911 Board Member and a Hearing Officer. In addition, Gross received an accommodation from Loren-Maltese for thirty years of police excellence.

In 2001, Gross went to Loren-Maltese on several occasions and complained about his daughter's, a police officer, being sexually harassed by her superior, Officer Jerald Rodish. Gross's daughter filed a discrimination claim with the Equal Employment Opportunity Commission ("EEOC") in June of 2001 because no remedial action was taken by Cicero's supervisory staff or Loren-Maltese. After the EEOC filing, Loren-Maltese told Gross, "I can no longer trust you."

After that meeting, Gross was removed from the positions he held. In October of 2001, Gross was excluded from the 911 Board meetings and no longer acted as a Board Member. In late 2001, Loren-Maltese called Gross to inform him that he would not be reappointed as the Chairman of the Board of Fire and Police Commissioners for 2002 and that he would be removed from the position in January 2002.

In January of 2002, Gross no longer received assignments in his capacity as Director of Internal Services, which he had held since April of 1997; and he was later terminated. Until 2003, the Town of Cicero continued to pay Gross a salary for his Director of Internal Services position due to a clerical or accounting error. During this time, Gross never informed Cicero that he was still receiving a salary. The Town of Cicero realized its error and ceased paying Gross at the beginning of 2003.

Section 1367 provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . ." 28 U.S.C. § 1367(a). This section allows district courts to

maintain supplemental jurisdiction over counterclaims, whether compulsory or permissive, so long as the counterclaims "are so related to" the original claims that they form the same case or controversy. *Channell v. Citicorp Nat'l Servs.*, 89 F.3d 379, 385-87 (7th Cir. 1996). A "loose factual connection between the claims" is sufficient to allow supplemental jurisdiction. *See Ammermann v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995). Generally, supplemental jurisdiction is granted when "the state and federal claims derive from a common nucleus of operative facts." *Ammermann v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 16 L. Ed. 2d 218, 86 S. Ct. 1130 (1966)).

The Plaintiff argues that the Defendant's Counterclaim should be dismissed for lack of subject matter jurisdiction.

Cicero alleges unjust enrichment, contending that Gross was paid his salary for his position as Director of Internal Services even after his termination in 2002. During this time, Gross never informed Cicero that he was still receiving a salary. In Gross's Complaint, he alleges that Cicero owes him back pay, vacation, accumulated sick time, overtime and money from the retirement buyout. These issues of back pay and unjust enrichment arise out of the same set of facts, Gross's employment as the Director of Internal Services. There is a "common nucleus of operative facts"; therefore, supplemental jurisdiction is established under 28 U.S.C. § 1367(a).

Cicero also alleges that Gross breached his fiduciary duty while acting in his capacity as Chairman of the Board of Fire and Police Commissioners. Cicero alleges that during Gross's tenure, he breached his fiduciary duty when he hired fourteen unqualified police officers, including his daughter, and that he did not order the Superintendent of the Town of Cicero Police Department to perform an investigation into the allegations of his daughter's sexual harassment complaints. In

3

Gross's Complaint, he alleges that he was terminated in retaliation for his daughter's EEOC claim. The issues of breach of fiduciary duty and the reason for Gross's termination arise out of the same set of facts, Gross's employment with Cicero as Chairman of the Board of Fire and Police Commissioners. There is a "common nucleus of operative facts"; therefore, supplemental jurisdiction is established under 28 U.S.C. § 1367(a).

For the foregoing reasons, Gross's Motion to Dismiss Defendant's Counterclaim is denied.

Dated: May 3, 2005

JOHN W. DARRAH
United States District Judge

4