THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MB FILED SEP - 2 2005 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

CLARENCE GROSS, )
                                                   )
    Plaintiff, )
                                                   )
    v. )
                                                   )
TOWN OF CICERO, BETTY LOREN- )    Case No. 03 C 9465
MALTESE, Former President of the TOWN )
OF CICERO, and Ramiro GONZALEZ, )
PRESIDENT OF THE TOWN OF CICERO, )    Honorable Judge
and EDWARD R. VRDOLYAK, individually, )    John W. Darrah
                                                 )
    Defendants. )

**DEFENDANT EDWARD R. VRDOLYAK'S RULE 56.1 STATEMENT OF
UNCONTESTED FACTS MEMORANDUM
IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

Defendant, Edward Vrdolyak, submits the following statement[1] of uncontested facts in support of his Motion for Summary Judgment as follows:

**The Parties**

1. Clarence Gross is a former employee of the Town of Cicero. (Amended Complaint (AC ¶ 3).

2. Clarence Gross retired as a police officer from the Town of Cicero Police Department in 1997. (Clarence Gross dep at 209).

3. In 1998, Betty Loren-Maltese appointed Clarence Gross as Chairman of the Town of Cicero Board of Fire and Police Commissioners ("BOFPC"). (Clarence Gross dep at 209-210).

---

[1] Due to delays with the plaintiff's court reporter, several deposition transcripts were no available in time to meet this Court's deadline for filing a summary judgment papers, including the full or partial transcripts for Vrdolyak, Gonzalez, Plaintiff and others. As such, Defendants reserve their right to amend, modify or supplement these materials as additional transcripts become available.

4. Clarence Gross's appointment to the BOFPC required the concurrence of the Town Board. (Clarence Gross dep at 210).

5. The Town Board concurred in Clarence Gross being appointed as Chairman of the BOFPC. (Clarence Gross dep at 210).

6. Clarence Gross was appointed for a three year term from January 1998 through December 2000. (Clarence Gross dep at 210-211).

7. Clarence Gross was appointed as Deputy Liquor Commissioner in April 1997 after he retired. (Clarence Gross dep at 213).

8. Clarence Gross was appointed as Director of Internal Services in April 1997 after he retired. (Clarence Gross dep at 213).

9. Clarence Gross was appointed to the 911 Board in 1997. (Clarence Gross dep at 213).

10. Clarence Gross claims that Betty Loren-Maltese guaranteed him employment for eight years commencing in 1997. (Clarence Gross dep at 303).

11. Clarence Gross knew that the term for a Town President was only four (4) years. (Clarence Gross dep at 304).

12. When Clarence Gross was appointed as Chairman of the BOFPC in January 1998, he received no additional compensation for serving in that position. (Clarence Gross dep at 214).

13. Rhonda Gross was hired in 1999 as a Police Officer by her father, Clarence Gross, who was Chairman of the Board of Police, Fire and Public Safety Commissioners in the Town of Cicero. (Clarence Gross dep at 127).

14. Rhonda has served as a Patrol Officer since that time and remains employed as of this date.

15. In June 2001, Rhonda Gross filed a Charge of Discrimination with the EEOC claiming that Jerald Rodish – another Cicero police officer – had sexually harassed her. (See Charge)

16. She settled that claim for $1500 and agreement from the Town to conduct training.

17. She later filed a second charge alleging retaliation. (See Rhonda Gross Charge)

18. Defendant Betty Loren-Maltese is the former Town President of Cicero.

19. Betty Loren-Maltese served as Town President in Cicero from 1993 to August 2002. (Betty Loren-Maltese dep at 22, Ramiro Gonzalez dep at 11)

20. Betty Loren-Maltese never acted in any official capacity after her resignation from office in August 2002.

21. After Betty Loren-Maltese resigned, Ramiro Gonzalez took office as Town President.

22. Ramiro Gonzalez took office as Town President on September 10, 2002.

23. Ramiro Gonzalez served as Town President from September 10, 2002 until May 9, 2005.

24. Edward Vrdolyak is an attorney licensed to practice law in the State of Illinois.

25. Edward Vrdolyak's firm has been hired from time to time to act as outside counsel representing the Town of Cicero and various town officials and/or employees regarding various litigated matters. (Betty Loren-Maltese dep at

3

26. Neither Edward Vrdolyak nor his firm has ever served as Town Attorney. (Clarence Gross dep at 207, 300-301)

27. Neither Edward Vrdolyak nor his firm has ever been appointed to act as Town Attorney. (Clarence Gross dep at 207, 300-301).

## THE CLAIMS

### Conspiracy

28. Gross claims that defendant Edward Vrdolyak conspired with town officials to infringe upon his First Amendment rights and to deny him equal protection of the laws. (AC ¶ 12, 13)

29. Vrdolyak did not conspire with fellow defendants Betty Loren-Maltese and Ramiro Gonzales to take any action whatsoever against Plaintiff Gross.

30. Gross claims Edward Vrdolyak with Betty Loren-Maltese and Ramiro Gonzalez conspired to retaliate against him in violation of his First Amendment rights because he complained about his daughter's alleged sexual harassment.

31. Edward Vrdolyak, Ramiro Gonzalez and Betty Loren-Maltese never conspired to retaliate against Clarence Gross (Clarence Gross dep at 363).

32. Edward Vrdolyak and Betty Loren-Maltese never discussed plaintiff or his daughter.(Betty Loren-Maltese dep at 195)

33. Edward Vrdolyak, Ramiro Gonzalez and Betty Loren-Maltese never had any meetings about the plaintiff or his daughter. (Betty Loren-Maltese dep at 195)

34. Betty Loren-Maltese and Edward Vrdolyak never discussed Rhonda's EEOC charge (Betty Loren-Maltese dep at 195)

4

## Plaintiff's Speech Claims

35. Gross alleges he spoke to Betty Loren-Maltese on at least a "half dozen" occasions regarding the harassment his daughter was allegedly receiving from Jerald Rodish (Clarence Gross dep at 15).

36. In his deposition, Gross testified that he never actually voiced any complaint to Betty Loren-Maltese regarding sexual harassment. (Clarence Gross dep at 200- 205)

37. Gross never actually spoke to Betty Loren-Maltese about the manner in which Rhonda was being treated in the Cicero Police Department. (Clarence Gross dep at 200 – 205)

38. Gross never actually told Betty Loren-Maltese that Rhonda was being sexually harassed. (Clarence Gross dep at 200 – 205)

39. Gross never used the term "sexual harassment" in any conversation with Betty Loren-Maltese. (Clarence Gross dep at 200-205)

40. Gross never used the phrase "retaliation" in any conversation with Betty Loren-Maltese. (Clarence Gross dep at 200-205)

41. Gross never mentioned Rodish's name in any conversation with Betty Loren-Maltese. (Clarence Gross dep at 200-203)

42. In each of his first five conversations with Betty Loren-Maltese, Clarence Gross never related any specific facts or circumstances of any alleged incident involving Rhonda Gross. (Clarence Gross dep at 202-203).

43. In his deposition, Gross admitted that Betty Loren-Maltese only said to him "I will talk to you later." Or "we will talk later." (Clarence Gross dep at 201-202)

44. In his final attempted "conversation" with Betty Loren-Maltese, Betty Loren-Maltese told Clarence Gross to "Just call Eddie about it." (Clarence Gross dep at 203).

45. Clarence Gross never spoke to Edward Vrdolyak about Rhonda Gross (Clarence Gross dep at 207).

46. Clarence Gross never spoke to Edward Vrdolyak as suggested by the Town President, Betty Loren-Maltese. (Clarence Gross dep at 207).

### Rhonda's Claim She Lost Hours at the School

47. Rhonda claims that she lost hours in 2000 working at a local school because she refused to succumb to alleged sexual harassment. (Clarence Gross dep at 197)

48. Clarence Gross never spoke to any school district about his daughter losing hours due to the alleged harassment. (Clarence Gross dep at 199).

49. Clarence Gross never spoke to Betty Loren-Maltese about his daughters allegation that she would be denied hours unless she performed sexual favors for Rodish. (Clarence Gross dep at 197-198).

50. Any alleged conduct regarding a loss of hours at the school occurred more than 2 years prior to the complaint being filed in this case.

51. Betty Loren-Maltese was never involved with the schools district. (Clarence Gross dep at 198).

52. Betty Loren-Maltese was never on the school Board. (Clarence Gross dep at 198)

53. Betty Loren-Maltese was never the Superintendent of Schools. (Clarence Gross dep at 198).

54. Betty Loren-Maltese never made any inquiries to the school or the school district about his daughters' allegation. (Clarence Gross dep at 199).

### The *Moreno* Matter

55. Gross also alleges that Edward Vrdolyak conspired to preclude him from testifying in the matter of *Moreno v. Town of Cicero.*

56. Clarence Gross alleges that Edward Vrdolyak telephoned him and said that he knew that Clarence Gross had been speaking to the Moreno attorneys. (AC ¶ 30).

57. Clarence Gross alleges that Edward Vrdolyak threatened Clarence Gross that if he did not remain silent Clarence Gross would not receive his back pay. (AC ¶ 30).

58. Clarence Gross alleges that Edward Vrdolyak threatened Clarence Gross not to tell the truth when he testified in the Moreno matter. (AC ¶30).

59. In his deposition, Clarence Gross admits that Edward Vrdolyak only said "Your money matter won't be settled until the Moreno matter is settled." (Clarence Gross dep at 330).

60. In his deposition, Clarence Gross admitted that Edward Vrdolyak never told him not to tell the truth. (Clarence Gross dep at 330-331).

61. Clarence Gross never spoke with Betty Loren-Maltese regarding the *Moreno* matter. (Clarence Gross dep at 355).

62. Clarence Gross never gave a deposition in the *Moreno* matter. (Clarence Gross dep at 334)

63. Clarence Gross never testified at trial in the *Moreno* matter.(Clarence Gross dep at 334).

### The Termination

7

64. Clarence Gross has no evidence that Vrdolyak ever spoke to Gonzalez or Loren-Maltese about terminating him (Clarence Gross dep at 346-347)

65. Betty Loren Maltese never spoke to Edward Vrdolyak regarding Clarence Gross. (Betty Loren Maltese dep at 185).

66. Betty Loren-Maltese never spoke to Ramiro Gonzalez about terminating Clarence Gross. (Betty Loren Maltese dep at 191-192).

67. Betty Loren Maltese never spoke to Ramiro Gonzalez regarding Rhonda Gross. (Betty Loren Maltese dep at 191).

68. Betty Loren-Maltese never directed Ramiro Gonzalez to terminate any position that Clarence Gross held with the Town. (Betty Loren-Maltese dep at 191).

69. Clarence Gross has no evidence that Edward Vrdolyak was involved in the decision to terminate Clarence Gross from any position. (Clarence Gross dep at 306-307).

70. Clarence Gross has no evidence that there was ever any meeting between any of the defendants at which the topic of Clarence Gross's employment was discussed. (Clarence Gross dep at 346).

71. Clarence Gross has no evidence of that Vrdolyak or any of the other defendants had or made any agreement not to pay Clarence Gross any money (back wages) (Clarence Gross dep at 348).

72. In his complaint, Clarence Gross alleges that he served as Director of Internal Services until January 2002.(AC ¶ 23).

73. In his deposition, Clarence Gross admitted that he worked as Director of Internal Services through September 23, 2002. (Clarence Gross dep at 288).

8

74. In his deposition, Clarence Gross admitted that he worked as Deputy Liquor Commissioner through September 23, 2002. (Clarence Gross dep at 289).

75. Clarence Gross alleges he was terminated from the 911 Board position in October 2001. (AC ¶ 21).

76. Clarence Gross does not recall when he last attended a 911 Board meeting (Clarence Gross dep at 287-88).

77. Clarence Gross cannot recall whether the last time he attended a 911 Board meeting was before or after he was terminated as Deputy Liquor Commissioner (Clarence Gross dep at 287-288).

78. Betty Loren-Maltese never terminated Clarence Gross from his position as Chairman of the BOFPC. (Betty Loren-Maltese dep at 198-199).

79. Clarence Gross was simply not reappointed to the BOFPC.

80. Betty Loren-Maltese never teminated Clarence Gross from any other position (Clarence Gross dep at 216-217)

81. Betty Loren-Maltese never terminated Clarence Gross from the position of Director of Internal Services Clarence Gross dep at 216-217, 259)

82. Betty Loren-Maltese never terminated Clarence Gross from the position of 911 Board member (Clarence Gross dep at 216-217, 259)

83. Betty Loren-Maltese never terminated Clarence Gross from the position of Hearing Officer (Clarence Gross dep at 216-217, 259, 262-3)

84. Betty Loren-Maltese never terminated Clarence Gross from the position of Deputy Liquor Commissioner Clarence Gross dep at 216-217, 259, 262-3)

85. CC was terminated from the Town of Cicero on September 23, 2002 after Betty Loren-Maltese was no longer in office (Clarence Gross dep at 219).

86. Ramiro Gonzalez was Town President when Clarence Gross was terminated. (Clarence Gross dep at 259, 262-3).

87. Clarence Gross testified he has no "evidence that he was terminated from his employment as a result of having complained to Betty Loren-Maltese about [his] daughter's treatment by Jerry Rodish (Clarence Gross dep at 363).

88. Clarence Gross testified that he has no evidence daughter was retaliated against in any way because Clarence Gross complained to Betty about Rhonda's treatment by Rodish. (Clarence Gross dep at 363).

89. Clarence Gross testified that he hs no evidence that he was retaliated against in any way by virtue of having complained on Rhonda's behalf to Betty Loren-Maltese. (Clarence Gross dep at 363).

                                    Respectfully Submitted
                                    HUNT & ASSOCIATES, P.C.

                                    By: _____
                                    An Attorney for Defendants

Keith L. Hunt
Hunt & Associates, P.C.
Three First National Plaza
Suite 2100
Chicago, Illinois 60602
(312) 558-1300

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a copy of the foregoing Notice of Motion, and a copy of Betty Loren Maltese's & Edward R. Vrdolyak's Motions for Summary Judgment, their respective supporting memoranda, their respective Rule 56.1 Statement of Uncontested Facts and their respective Exhibits in support, were served on all counsel of record, as listed below, by Regular Mail, on September 2, 2005, at or before 5:00 p.m.

Terry A. Ekl
Patrick Laurence Provenzale
Connolly, Ekl, Williams, P.C.
115 West 55th Street, Suite 400
Clarendon Hills, Illinois 60514
Fax No. 630-654-0150

Ms. Holly Tomchey
Town of Cicero
4936 West 25th Place
Cicero, Illinois 60804
Fax No. 708-656-0648

Dana L. Kurtz
Kurtz Law Offices, LLC
414 South State Street
Lockport, Illinois 60441
Fax No. 312-893-2239

Nicholas Geanopoulos
Edward R. Vrdolyak, Ltd.
741 North Dearborn Street
Chicago, Illinois 60610
Fax No. 312-482-8026

Jennifer Naber
Joseph Gagliardo
Laner, Muchin, Dombrow, Becker,
Levin and Tominberg, Ltd.
515 North State Street
Chicago, Illinois 60610
Fax No. 312-467-9479

Michael J. Kralovec
Joseph R. Lemersal
Sara J. Rowden
Nash, Lalich & Kralovec, LLC
30 North LaSalle Street
Suite 1526
Chicago, IL 60602
Fax No. 312-372-7238

Terence P. Gillespie
Genson & Gillespie
53 West Jackson Boulevard
Suite 1420
Chicago, IL 60603
Fax No. 312-939-3654

Keith L. Hunt