UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLARENCE GROSS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| TOWN OF CICERO; BETTY LOREN-MALTESE, former President of the Town of Cicero; RAMINO GONZALEZ, President of Town of Cicero; and EDWARD R. VRDOLYAK, individually, | ) ) ) ) ) ) ) | No. 03 C 9465  Judge John W. Darrah |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court is Plaintiff's Motion to Bar Defendants' Expert or Extend Time for Deposition.

### BACKGROUND

On August 9, 2005, Defendants were ordered to produce the reports of all opinions, conclusions, and the factual basis thereof, of their experts by September 5, 2005, and have the depositions of their experts be taken by September 29, 2005. On September 13, 2005, Plaintiff's Emergency Motion to Reset Expert Production Dates was granted; the Court ordered Defendants' experts' reports to be tendered on October 11, 2005, and depositions to be completed no later than October 18, 2005.

On September 13, 2005, Defendants' counsel sent Plaintiff's counsel an e-mail, indicating that Defendants' expert was available on October 12, 13, 14, and 17 to submit to his deposition and asked Plaintiff's counsel to provide a convenient date so that the deposition could be scheduled. Plaintiff's counsel did not respond to the e-mail.

On October 6, 2005, Defendants' counsel sent another e-mail to Plaintiff's counsel, indicating that he did not receive a response to his previous e-mail, that he would be furnishing the expert's report on October 11, and asked that Plaintiff's counsel select a date for the deposition of Defendants' expert. On October 11, 2005, Plaintiff responded to the e-mail, apologizing for her delay in responding because she had been out of the office and asking for the available dates to depose Defendants' expert. That same day, Defendants' counsel sent to Plaintiff's counsel, via mail, the Defendants' expert's report.

On October 13, 2005, Defendants' counsel sent another e-mail to Plaintiff's counsel, attempting to set Defendants' expert's deposition for October 17. In this e-mail, Defendants' counsel indicated that the deposition was of "Mr. Jalovec." On October 14, 2005, Plaintiff's counsel responded to the latest e-mail indicating that she did not know who Mr. Jalovec was, that she had never received Mr. Jalovec's report, that it was her understanding that Defendants were not disclosing an expert, that she would not be proceeding with Mr. Jalovec's deposition, and that she believed Mr. Jalovec's testimony was barred because his disclosure was untimely. Defendants' counsel replied that same day to Plaintiff's counsel's e-mail, indicating that Jalovec was properly disclosed, that he had repeatedly tried to schedule Jalovec's deposition, and that he would inform Jalovec that Plaintiff declined to depose Jalovec. One of Plaintiff's counsel received Jalovec's report on October 17, 2005, and Plaintiff's other counsel received the report on October 18, 2005. Jalovec's report is one page in length and indicates that his opinions are based on the Board of Fire and Police Commissioner's Act and the Rules and Regulations of the Board of Fire and Police Commissioner's for the Town of Cicero.

## ANALYSIS

Federal Rule of Civil Procedure 37(b)(2) provides, in pertinent part:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> * * *
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the party from introducing designated matters in evidence.

The Court has inherent power to "fashion . . . appropriate sanction[s] for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (*Chambers*). This inherent power must be exercised with restraint and discretion. *See Chambers*, 501 U.S. at 44.

Plaintiff seeks to bar Defendants' expert from testifying at trial for Defendants' failure to comply with the Court's September 13, 2005 Order. Plaintiff argues that sanctions are appropriate because Defendants' counsel did not send Jalovec's short report on October 11, 2005, by facsimile, instead of mailing the report through the regular mail. However, Defendants' counsel was not ordered to serve the expert's report by a specific means, and service via the mail is proper pursuant to Federal Rule of Civil Procedure 5(b)(2)(B). Defendants' counsel mailed the expert disclosure on October 11, 2005, consistent with the required dates set forth in the Court's Order. Furthermore, Plaintiff cannot claim surprise of the disclosure of an expert because Defendants' counsel sent multiple e-mails to Plaintiff's counsel, attempting to schedule the Defendants' expert's deposition, beginning in mid-September. While the e-mails did not specifically name the expert, they clearly indicated an expert would be named and that the deposition should be scheduled.

Plaintiff also argues that Jalovec's expert testimony should be barred because the disclosure fails to identify the materials relied upon by Jalovec in formulating his opinions. However, the disclosure does set forth that Jalovec's opinions are based on the Board of Fire and Police Commissioner's Act and the Rules and Regulations of the Board of Fire and Police Commissioners for the Town of Cicero. Accordingly, Plaintiff's Motion to Bar the Defendants' Expert is denied.

Plaintiff also seeks an extension of time from October 18, 2005, to depose Defendants' expert, arguing that she could not have been prepared to depose Jalovec in light of the means of service of the expert report. However, as stated above, Defendants' counsel repeatedly tried to schedule Jalovec's deposition weeks before the proposed deposition dates consistent with the Court's Order. Plaintiff's counsel did not respond to the e-mails until October 11, 2005; at which time, she asked for available dates to depose Jalovec when those dates had been previously provided to Plaintiff's counsel. It was Plaintiff's counsel who indicated; on October 14, 2005, that she would not be deposing Jalovec, three days before the time proposed for the expert's deposition. Accordingly, Plaintiff's Motion to Extend Time for Deposition is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Bar Defendants' Expert or Extend Time for Deposition is denied.

Dated: December 15, 2005

JOHN W. DARRAH
United States District Judge

4