# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CLARENCE GROSS,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **TOWN OF CICERO; BETTY LOREN-MALTESE,** ) <br> **former President of the Town of Cicero;** ) <br> **RAMIRO GONZALEZ, President of the Town** ) <br> **of Cicero; and EDWARD VRDOLYAK, individually.** ) <br> ) <br> **Defendants.** ) | **No. 03 C 9465** <br><br> **Judge John W. Darrah** |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Clarence Gross, filed suit against Defendants, the Town of Cicero, Betty Loren-Maltese, Ramiro Gonzalez, and Edward Vrdolyak, alleging violation of Plaintiff's First Amendment Equal Protection rights. Cicero filed a Counterclaim against the Plaintiff, alleging unjust enrichment and breach of fiduciary duty. Summary judgment was entered in favor of the Defendants on both of Gross's claims. Summary judgment was entered in favor of Gross on Cicero's unjust enrichment claim and in favor of Cicero on its breach of fiduciary duty claim as to liability and denied on the issue of damages.

Trial of the breach of fiduciary duty claim damages was by the Court without a jury. In July 2006, the Court entered judgment in favor of Cicero in the amount of $302,473.79. Presently before the Court is Cicero's Bill of Costs.[1]

---

[1] Cicero adjusted several of its requested fees in its reply brief based on Gross's objections. The fees addressed by the Court are based on the adjusted amounts contained in Cicero's reply brief.

"Costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court- appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) ( *Weeks*). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945.

*Transcript Fees*

The costs of deposition transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are "reasonably necessary." *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The Judicial Conference has established $3.30 as the rate per page for an original transcript, $4.40 per page for each expedited copy, $0.83 per page for the first copy of a transcript, and $0.55 per page for each additional copy to the same party. Postage or delivery costs are considered ordinary business expenses and are not chargeable in relation to obtaining transcripts. *See Alexander v. CIT Tech. Fin. Serv.*, 222 F. Supp. 2d 1087, 1090 (N.D. Ill. 2002); *Antonson v. United Armored Serv., Inc.*, 2002 WL 908424 (N.D. Ill. May 6, 2002); COURT REPORTER MANUAL, ch. 20, pt. 20.9.4.

Cicero seeks $577.10 in costs for the deposition of Betty Loren-Maltese. The invoice identifies the deposition was taken in Case No. 04 C 0489. Case No. 04 C 0489 was brought by

Gross's daughter against several of the same defendants in the instant case. The two cases were consolidated for purposes of discovery, and Case No. 04 C 0489 settled, with each party bearing their own costs and fees.

Gross objects to the deposition costs for Betty Loren-Maltese, arguing that Gross should not pay the costs associated with a different case, Case No. 04 C 0489. However, the two cases were consolidated for discovery purposes; and Betty Loren-Maltese's deposition was relevant to the instant case. Accordingly, reasonable and necessary deposition costs for the deposition are recoverable. However, Cicero is only allowed to recover an equal portion of the recoverable costs because it cannot recover that portion of the fees for Case No. 04 C 0489.

The recoverable costs for the Betty Loren-Maltese deposition total $535.10 (costs for binding, postage, and delivery are not recoverable). Cicero is awarded $267.55 ($535.10/2) in deposition costs for Betty Loren-Maltese's deposition.

Cicero seeks $1,705.70 in costs for the deposition of Rhonda Gross. Rhonda Gross's deposition was relevant to the instant case, as well as her own case, Case No. 04 C 0489. Accordingly, reasonable and necessary deposition costs for the deposition are recoverable. However, Cicero is only allowed to recover an equal portion of the recoverable costs because it cannot recover that portion of the fees in Case No. 04 C 0489.

The recoverable costs for the Rhonda Gross deposition total $1,705.70. Cicero is awarded $852.85 ($1,705.70/2) for Rhonda Gross's deposition costs.

Cicero seeks $962.55 in costs for the deposition of Ramiro Gonzalez. Gonzalez was a defendant in the instant case, and his deposition was taken as to both the instant case and Case No. 04 C 0489. Accordingly, reasonable and necessary deposition costs for the deposition are

recoverable. However, Cicero is only allowed to recover an equal portion of the recoverable costs because it cannot recover that portion of the fees in Case No. 04 C 0489.

The recoverable costs for the Gonzalez deposition total $962.55. Cicero is awarded $481.28 ($962.55/2) for Gonzalez's deposition costs.

Cicero seeks $1,176.15 in costs for the deposition of Thomas Rowan. Rowan's deposition was relevant to the instant case, as well as Case No. 04 C 0489. Accordingly, reasonable and necessary deposition costs for the deposition are recoverable. However, Cicero is only allowed to recover an equal portion of the recoverable costs because it cannot recover that portion of the fees in Case No. 04 C 0489.

The recoverable costs for the Rowan deposition total $1,176.15. Cicero is awarded $588.08 ($1,176.15/2) for Rowan's deposition costs.

Cicero seeks costs associated with the videotaped deposition of Gross. Cicero argues that videotaping the deposition was necessary to avoid any false claims on impropriety or inappropriate conduct and to record the demeanor of Gross for possible use in impeachment during trial.

The costs of both stenographic transcription and a videotape of the same deposition may be recoverable if both are necessary and reasonable. *See Engate v. Esquire Deposition Serv.*, 2006 WL 695650 (N.D. Ill. March 13, 2006) (denying costs for videotaped deposition taken for possible impeachment use at trial). Cicero has failed to demonstrate that the costs associated with the videotaping of Gross's deposition were reasonable and necessary. Accordingly, these costs are not recoverable.

As to the transcription of Gross's deposition, Cicero seeks $846.25 in expedited transcription fees of 223 pages for the August 20, 2005 deposition. Cicero does not indicate why an expedited copy was necessary. Accordingly, Cicero may only recover costs of $735.90 ($3.30 per page X 223 pages) for this deposition. Cicero is also awarded $894.30 ($3.30 per page X 271 pages) in transcription fees for the July 27, 2005 deposition of Gross and $1,303.50 ($3.30 per page X 395 pages) in transcription fees for the August 2, 2005 deposition of Gross.

Cicero seeks $234.00 in costs for the deposition of Deborah Madison. Madison's deposition was relevant to the instant case, as well as Case. No. 04 C 0489. Accordingly, reasonable and necessary deposition costs for the deposition are recoverable. However, Cicero is only allowed to recover an equal portion of the recoverable costs because it cannot recover that portion of the fees in Case No. 04 C 0489.

The recoverable costs for the Madison deposition are $234.00. Cicero is awarded $117.00 ($234.00/2) in Madison's deposition costs.

Cicero seeks $325.00 in costs for the deposition of B.J. Parrish. Parrish's deposition was relevant to the instant case, as well as Case No. 04 C 0489. Accordingly, reasonable and necessary deposition costs for the deposition are recoverable. However, Cicero is only allowed to recover an equal portion of the recoverable costs because it cannot recover that portion of the fees in
Case No. 04 C 0489.

The recoverable costs for Parrish's deposition are $325.00. Cicero is awarded $162.50 ($325.00/2) in Parrish's deposition costs.

Cicero seeks $223.20 in costs for the deposition of Jerold Rodish. Rodish's deposition was relevant to the instant case, as well as Case No. 04 C 0489. Accordingly, reasonable and necessary

deposition costs for the deposition are recoverable. However, Cicero is only allowed to recover an equal portion of the recoverable costs because it cannot recover that portion of the fees in Case No. 04 C 0489.

The recoverable costs for the Rodish deposition are $223.20. Cicero is awarded $111.60 ($223.20/2) in Rodish's deposition costs.

Cicero seeks $357.60 in costs for the deposition of Larry Dominick. Dominick's deposition was relevant to the instant case, as well as Case No. 04 C 0489. Accordingly, reasonable and necessary deposition costs for the deposition are recoverable. However, Cicero is only allowed to recover an equal portion of the recoverable costs because it cannot recover that portion of the fees in Case No. 04 C 0489.

The recoverable costs for the Dominick deposition are $357.60. Cicero is awarded $178.80 ($257.60/2) in Dominick's deposition costs.

Cicero seeks $815.10 in costs for the deposition of Dennis Both. Both's deposition was relevant to the instant case, as well as Case No. 04 C 0489. Accordingly, reasonable and necessary deposition costs for the deposition are recoverable. However, Cicero is only allowed to recover an equal portion of the recoverable costs because it cannot recover that portion of the fees in
Case No. 04 C 0489.

The recoverable costs for the Both deposition are $815.10. Cicero is awarded $407.55 ($815.10/2) in Both's deposition costs.

Cicero seeks $90.00 in costs for the deposition of Frank Aguilar. Aguilar's deposition was relevant to the instant case, as well as Case No. 04 C 0489. Accordingly, reasonable and necessary deposition costs for the deposition are recoverable. However, Cicero is only allowed to recover an

equal portion of the recoverable costs because it cannot recover that portion of the fees in Case No. 04 C 0489.

The recoverable costs for the Aguilar deposition are $90.00. [2] Cicero is awarded $45.00 ($90.00/2) in Aguilar's deposition costs.

Cicero seeks $292.99 in costs for the transcripts of the bench trial. These costs were reasonable and necessary for the preparation of the parties' written arguments and the Court's final disposition. Accordingly, these costs are recoverable.

Based on the above, Cicero is awarded a total of $6483.90 in transcript fees.

*Witness Fees*

Cicero seeks a total of $80.00 in witness fees. This total includes witness attendance at the allowable cost of $40.00 per day. Accordingly, these fees are recoverable.

*Exemplification Fees*

Exemplification costs – such as expenses incurred in preparing maps, charts, graphs and photostats – are recoverable costs so "long as the means of presentation furthers the illustrative purpose" of the exhibit. *See Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000) (*Cefalu*). As in all costs, the Court must still determine if the exemplification was reasonable and necessary. *See Cefalu*, 211 F.3d at 429.

---

[2]The $90.00 cost is based on an attendance fee of $90.00 for 2.5 hours of attendance. The deposition transcript was not ordered because summary judgment was granted, and Aguilar's testimony was not needed.

Cicero seeks a total of $676.36 in exemplification fees for costs associated with the preparation of binders and reproduction of exhibits, including demonstrative enlargements, for the Court and opposing counsel during the trial. The requested costs are reasonable and necessary and are awarded.

For the foregoing reasons, Cicero's Bill of Costs is granted in part and denied in part. Cicero is awarded a total of $7,240.26 in costs.

Dated: January 19, 2007

JOHN W. DARRAH
United States District Court Judge